

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable W. A. Davis
State Registrar of Vital Statistics
Texas State Board of Health
Austin, Texas

Dear Sir:

Opinion No. O-3324
Re: Acceptance of a birth
certificate, not previously
registered, under the pro-
visions of Article 4477,
Rule 51a, R.C.S. of Texas,
as amended.

Your written request addressed to this department,
dated March 21, 1941, requesting an opinion has been received
and considered.

We quote from your request:

"I am enclosing a birth certificate of
Otto Buster Boldt, a foundling child, shown
to have been born August 30, 1916, in Tarrant
County, as well as a letter of explanation
from Judge Dave Miller, County Judge of Tar-
rant County.

"I shall be glad for you to consider
the letter and the certificate, and advise
me whether or not this certificate should
be accepted by the State Registrar of Vital
Statistics under the provisions of House Bill
614, Rule 51a, Article 4477 Revised Civil
Statutes, passed by the Texas Legislature in
1939."

In 1939, the 46th Legislature, passed House Bill No.
614 (P. 346), the caption of which Act reads as follows:

"An Act amending Sections 14 and 18 of

O COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY

Chapter 41 of the Acts of the Fortieth Leg-
islature, First Called Session, so as to
provide for the filing of the birth record
of an adopted child in the local registrar's
office; and providing for a change in the
birth record of a child when that child is
legitimatized by the marriage of its mother;
and so as to provide for the registration
of a birth or death that has not previously
been registered; and declaring an emergency."

The above Act in addition to amending Section 14 also
amended Section 18 of Chapter 41 of the Acts of the 40th Legis-
lature, First Called Session (shown in Vernon's Civil Statutes
as Article 4477, Rule 51a). Section 18 now provides in part as
follows:

"And provided further, that any citizen
of the State of Texas wishing to file the
record of any birth or death, not previously
registered, may submit to the Probate Court
in the county where the birth or death oc-
curred, a record of that birth or death writ-
ten on the adopted forms of birth and death
certificates. The certificate shall be
substantiated by the affidavit of the medical
attendant present at the time of the birth,
or in case of death, the affidavit of the
physician last in attendance upon the de-
ceased, or the undertaker who buried the
body. When the affidavit of the medical
attendant or undertaker cannot be secured,
the certificate shall be supported by the
affidavit of some person who was acquainted
with the facts surrounding the birth or
death, at the time the birth or death oc-
curred, with a second affidavit of some
person who is acquainted with the facts
surrounding the birth or death, and who is not
related to the individual by blood or marriage.
The Probate Court shall require such other in-
formation or evidence as may be deemed neces-
sary to establish the citizenship of the
individual filing the certificate, and the
truthfulness of the statements made in that
record. The Clerk of the said Court shall
forward the certificate to the State Bureau
of Vital Statistics with an order from the
Court to the State Registrar that the

Honorable W. A. Davis, Page 3

record be, or be not, accepted. The State
Registrar is authorized to accept the certi-
ficate when verified in the above manner,
and shall issue certified copies of such
records as provided for in Section 21 of this
Act. Such certified copies shall be prima
facie evidence in all Courts and places of
the facts stated thereon. The State Bureau
of Vital Statistics shall furnish the forms
upon which such records are filed, and no
other form shall be used for that purpose."

It will be noticed that the probate court is given
considerable latitude, by the above quoted statute, to deter-
mine the truthfulness or to ascertain information necessary to
establish the citizenship and the birth or death of any person
not previously registered. This provision of the statute ap-
pears to be a specific provision applicable to the establish-
ment of the birth or death of a citizen that has not been reg-
istered previously. The statute, it seems to us, clearly pro-
vides that the State Registrar shall accept for registration
the certificate and record from the probate court, in such
cases, provided the certificate is verified in the manner re-
quired by the above statute and is upon forms approved by the
State Bureau of Vital Statistics.

We believe the spirit of the law and the Legislative
intention is manifest in the phrase used in the emergency clause
of the Act referred to above, which says in part "that the pres-
ent law does not definitely define methods by which birth and
death, not previously reported may be registered." Obviously
the purpose of the new Act (Section 18, as amended) was intended
to provide a means and method of registration which had not there-
tofore existed. We can find nothing in the Act which would indi-
cate that its purpose is to defeat a registration made in com-
pliance with the statute.

We believe the certificate is duly verified in the
manner required by the statutes herein cited. Although your
request and exhibits do not say that the certificate and record
are presented on forms approved by the State Bureau of Vital
Statistics, we assume that the forms submitted are proper and
have been duly approved and this opinion is written upon such
assumption.

Honorable W. A. Davis, Page 4

For all of the reasons discussed we are of the opinion and you are so advised that the State Registrar of Vital Statistics is authorized and should accept and file the certificate and record in the case referred to in your inquiry.

We trust that we have fully answered your inquiry.

Very truly yours

ATTORNEY GENERAL OF TEXAS

APPROVED APR 16, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

By *Harold McCracken*

Harold McCracken
Assistant

HM:RS


APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN